**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-04785-NYW

LOVEPREET SINGH,

Petitioner,

v.

GEORGE VALDEZ, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity,
DAVID VENTURELLA, in his official capacity, and
JUAN BALTAZAR, in his official capacity,

Respondents.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). [Doc. 1]. Respondents have responded to the Petition, [Doc. 5], and Petitioner has replied, [Doc. 6]. For the reasons set forth in this Order, the Petition is **GRANTED in part**.

## BACKGROUND

Petitioner Lovepreet Singh ("Petitioner" or "Mr. Singh") is a citizen of India who entered the United States on or around August 1, 2022. [Doc. 1 at ¶¶ 10–11]. The Department of Homeland Security initiated removal proceedings and released Mr. Singh on bond. [*Id.* at ¶¶ 11–12]. Petitioner asserts that, through this course of conduct, "DHS thus made its own individualized determination . . . that Petitioner was detained under 8 U.S.C. § 1226(a), not § 1225(b), and that he was neither a danger to the community nor a flight risk warranting continued custody." [*Id.* at ¶ 12].

Petitioner's asylum claim was denied by an immigration judge on August 19, 2026. [*Id.* at ¶ 14]. Petitioner timely appealed the immigration judge's decision to the Board of Immigration Appeals. [*Id.* at ¶ 15].[1] On September 18, 2026, Mr. Singh was detained by ICE after a traffic stop. [*Id.* at ¶ 16]. He is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. [*Id.* at ¶ 17].

Mr. Singh brings five habeas claims: (1) a claim alleging a violation of the Immigration and Nationality Act ("INA"), [*id.* at ¶¶ 49–56]; (2) a claim alleging a violation of his due process rights, [*id.* at ¶¶ 57–61]; (3) a claim alleging a violation of the Administrative Procedure Act, [*id.* at ¶¶ 62–66]; (4) an equal protection claim, [*id.* at ¶¶ 67–70]; and (5) a claim alleging a violation of the Suspension Clause, [*id.* at ¶¶ 71–75]. [*Id.* at ¶¶ 1–14]. He asks the Court to order Respondents to immediately release him or, alternatively, provide him a bond hearing under 8 U.S.C. § 1226(a). [*Id.* at 26].

This matter is fully briefed and ripe for disposition. No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

**LEGAL STANDARD**

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United

[1] Because an appeal of the removal order remains pending, Petitioner's order of removal is not administratively final. *See* 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals.").

States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

Mr. Singh argues that his detention violates the INA because he has been detained, and his bond was revoked, without an individualized hearing. *See* [Doc. 1 at ¶¶ 49–56]. Mr. Singh argues that he is detained under 8 U.S.C. § 1226(a), *see* [id. at ¶¶ 4, 9, 48], and Respondents do not contest that assertion, *see* [Doc. 5]. In other words, Petitioner is entitled to a bond hearing, and his detention without a bond hearing violates the INA. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025). Furthermore, this Court "concurs with the numerous other district courts that have held that denying a bond hearing to a noncitizen detained under § 1226(a) violates the noncitizen's due process rights." *Onate-Brinez v. Baltazar*, No. 26-cv-02768-NYW, 2026 WL 2085090, at *3 (D. Colo. July 20, 2026).[2]

---

[2] Petitioner also suggests that the revocation of his bond without an individualized hearing violated the INA, *see* [Doc. 1 at ¶ 51], but he does not clearly identify what provision of the INA he believes was violated. Courts in this District, including this Court, have found *due process* violations where a person's supervision or bond was revoked without notice and a hearing. *See, e.g.*, *Arciniega v. Baltazar*, No. 26-cv-04888-PAB, 2026 WL 3071539, at *2 (D. Colo. Oct. 14, 2026) (revocation of bond violated the petitioner's due process rights); *Mangue v. Baltasar*, No. 26-cv-04073-NYW, 2026 WL 2880637, at *2 (D. Colo. Sept. 25, 2026) (revocation of supervision violated the petitioner's due process rights). But those decisions were reached using the test set

Accordingly, the Petition is **GRANTED in part** with respect to Petitioner's first two claims for relief. And because the Parties agree that immediate release is the appropriate remedy, *see* [Doc. 1 at 26; Doc. 5 at 2], Respondents are **ORDERED** to release Petitioner within **48 hours** of the entry of this Order. Because the Court has granted Petitioner his requested relief, the Court need not address Petitioner's remaining claims.

## CONCLUSION

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1) The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part**;

(2) Respondents **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order; and

(3) On or before **October 30, 2026**, the Parties shall file a joint status report confirming Petitioner's release from custody and indicating whether any additional proceedings in this matter are required.[3]

DATED: October 23, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge

---

out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and Petitioner does not address the *Mathews* factors here, *see* [Doc. 1]. Accordingly, and because the Court has already granted the requested relief, the Court does not address revocation of Petitioner's bond.

[3] Petitioner also requests an award of costs and attorney's fees. *See* [Doc. 1 at 26]. This District's Local Rules require that a request for fees be made by separate motion, see D.C.COLO.LCivR 54.3, and a party seeking costs must follow the procedures set forth in D.C.COLO.LCivR 54.1.